IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| CRYSTAL MASSENGILL, | **JURY DEMANDED** |
| Plaintiff, | |
| | Docket No._____ |
| v. | |
| CONCORDE CAREER COLLEGES, INC., | |
| Defendant. | |

# COMPLAINT

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSE:

COMES NOW Crystal Massengill ("Ms. Massengill" or "Plaintiff"), and for her cause of action against Concorde Career Colleges, Inc. (hereinafter "Concorde" or "Defendant"), by and through her undersigned attorneys, hereby states to the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Ms. Massengill is an adult resident citizen of Shelby County, Tennessee, presently residing at 9843 Woodland View Lane, Cordova, Tennessee 38018.

2. Defendant, Concorde, is a Delaware for-profit corporation with a principal place of business at 5800 Foxridge Drive, Suite 500, Mission, Kansas 66202. Concorde may be served through its registered agent, Corporation Service Company, at 2908 Poston Avenue, Nashville, Tennessee 37203-13120.

3. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, diversity of citizenship. The diversity of citizenship requirement is met because

Plaintiff is a citizen of a different state than Defendant. The amount in controversy exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332(b).

4. This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, supplemental jurisdiction.

5. Venue is proper in the Federal Court for the Western District of Tennessee at Memphis pursuant to 28 U.S.C. § 1391 and Tenn. Code Ann. § 47-8-109(a)(2), as all or a substantial part of the actions giving rise to this suit occurred in Shelby County, Tennessee.

**FACTS**

6. Plaintiff re-alleges and incorporates herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further alleges as follows.

7. Concorde is a for-profit corporation that, at all times relevant to this action, operated a post-secondary educational institution that it advertises on its website as "prepares committed students for successful employment in a rewarding health care profession through high-caliber training, real world experience and student-centered support."

8. Concorde advertises on its website that "from before enrollment to graduation and beyond, the student is our top priority. Everything we do is designed to maximize and enhance the educational experience, to fully prepare the student for a successful and rewarding career in health care."

9. At all times relevant to this Complaint, Concorde advertised itself as an accredited academic institution.

10. In 2021, Ms. Massengill completed a dental assisting program at Concorde. At the time that she started the dental assisting program, Ms. Massengill's goal was to become a

registered nurse, but Concorde did not offer a nursing program at that time, so she opted for the dental assisting program.

11. Shortly after completing the dental assisting program, Ms. Massengill was notified by Concorde that a nursing practice program was then available, and she was encouraged to quickly apply.

12. On October 7, 2021, Ms. Massengill filled out paperwork to be accepted for the nursing practice program. That same day Concorde placed Ms. Massengill on a waitlist for the nursing program that had a start date of November 8, 2021, and informed her that at least two weeks prior to the start date she would be notified whether she had been selected to start classes.

13. By October 14, 2021, Concorde congratulated Ms. Massengill and informed her that she had been accepted to the Nursing Practice – Associate of Applied Science program.

14. On October 14, 2021, Ms. Massengill met with a Concorde admissions representative at Concorde to discuss her admission to the program. The admissions representative was Concorde employee Lisa Love. The meeting took place in Ms. Love's office at Concorde's campus in Memphis, Tennessee.

15. The program was to start on November 8, 2021, with an expected cost of $50,468.00. Before making such a significant commitment of her time and resources to the school, Ms. Massengill sought confirmation from Concorde that the nursing program was accredited. That information was material to Ms. Massengill because she only wanted to enroll in a nursing program that was accredited, as she was aware that it would be more difficult to get a job from a nursing program that was not accredited and that credits from an unaccredited program would be less likely to transfer to another school. Ms. Massengill had no intention of paying for and attending an unaccredited nursing program.

16. During Ms. Massengill's in-person meeting with Ms. Love in Ms. Love's office on October 14, 2021, Ms. Massengill asked Ms. Love whether the nursing program for which she was seeking to be admitted was accredited. Ms. Love, acting within the course and scope of her employment with Concorde, assured Ms. Massengill that it was accredited. In reliance on Ms. Love's representation, Ms. Massengill agreed to proceed with enrollment and its significant time and financial burden. But for Ms. Love's representations, Ms. Massengill would not have proceeded with enrollment.

17. Ms. Love's false representation to Ms. Massengill about the nursing program's accreditation was made with a knowing or reckless disregard for the truth because the program was not accredited and, upon information and belief, is still not accredited.

18. During the first week of November 2021, but prior to the start date of November 8, 2021, Ms. Massengill participated in an orientation program at Concorde's campus in Memphis, Tennessee. At the orientation, Ms. Massengill received further assurance by Concorde that the program she was about to begin was accredited. Specifically, Ms. Massengill was informed in person by a Concorde employee, acting within the course and scope of her employment with Concorde, that the nursing program was very competitive and accredited. Ms. Massengill further relied on this representation by Concorde in her decision to proceed with enrollment and its significant time and financial burden.

19. This Concorde employee's false representation to Ms. Massengill about the nursing program's accreditation was made with a knowing or reckless disregard for the truth because the program was not accredited and, upon information and belief, is still not accredited.

20. Concorde, by and through its employees, made the above misrepresentations on October 14, 2021, and during the November orientation, in an intentional effort to induce Plaintiff to enroll in Concorde's nursing program and thereby profit at Plaintiff's expense.

21. Concorde has a customary and routine practice of misrepresenting material facts about its programs to induce students to enroll in its programs and thereby profit at their expense.

22. Based on the misrepresentations by Concorde as to the nursing program's accreditation, Ms. Massengill began the nursing program on November 8, 2021, expending her time and resources on a program that she believed was accredited, when in fact it was not. Ms. Massengill also obtained loans to pay for the nursing program that she believed was accredited, when in fact it was not, thereby incurring loan interest and fees.

23. In June 2022, Ms. Massengill learned that an accreditation committee would be visiting the nursing program at Concorde's Memphis, Tennessee campus, which quickly lead to her discovery and dismay that the nursing program was not accredited.

24. Later that month, Ms. Massengill withdrew from the nursing program at Concorde. Ms. Massengill expended over seven months of time and financial resources on a program that did not have the credentialing that was warranted to her. The credits that she earned cannot be transferred to an accredited nursing program and are essentially worthless.

25. During the more than seven months that Plaintiff was enrolled in the nursing program at Concorde, she also lost the opportunity for employment during that time.

26. Plaintiff has also suffered additional losses in the form of interest accruing on student loan debt incurred to pay for the program.

27. Plaintiff has lost access to other government benefits such as further Pell grants that she could have and would have used to pay for alternative educational opportunities.

28. Plaintiff has been damaged in the amount of her tuition, fees, expenses, books, and all other costs associated with the program itself.

29. Plaintiff has lost opportunities for not merely the time that she spent in class but also for the time spent outside of class on reading and preparing for classes, studying and preparing for exams, and commuting to and from the on-campus portions of the non-accredited program.

30. Plaintiff deferred other educational and employment opportunities and suffered lost employment opportunities and lost earnings.

31. Defendant knew or should have known that its conduct would cause the harm described above, rendering said conduct intentional and/or reckless.

## CAUSES OF ACTION AGAINST CONCORDE

### Count 1: Fraud and Fraudulent Inducement to Contract

32. Plaintiff re-alleges and incorporates herein as if set forth in full, the allegations contained in the paragraphs above as if copied herein verbatim and further alleges as follows.

33. Defendant intentionally misrepresented or produced the false impression that the nursing program was accredited at or around the time Plaintiff enrolled in the program.

34. The nursing program was not accredited, and Defendant's representations as to accreditation were false when made.

35. Defendant was aware of the falsity of each and every one of these claims or acted with reckless disregard for the truth at the time they were made, yet intentionally made the misrepresentation concerning the nature of the nursing program in an intentional effort to induce Plaintiff to enroll in the program.

36. Defendant made each of these misrepresentations in an effort to obtain a financial benefit from Plaintiff in the form of tuition, fees, and expenses directly from Plaintiff and

secured by using Plaintiff's information to obtain Federal Direct Loans and Pell grants paid directly to the school by the federal government.

37. The accreditation status of Defendant's nursing program was a material fact that was misrepresented by Defendant and reasonably relied upon by Plaintiff.

38. Plaintiff did not know that Defendant's representations as to the accreditation of Defendant's nursing program were false at the time that Defendant made the misrepresentations to Plaintiff.

39. Plaintiff reasonably relied on Concorde's material and substantial misrepresentations and suffered damages as a direct result of her reliance on Concorde's false assurances.

## Count 2: Violation of the Tennessee Consumer Protection Act of 1977 Tenn. Code Ann. § 47-18-104

40. Plaintiff re-alleges and incorporates herein as if set forth in full, the allegations contained in the paragraphs above as if copied herein verbatim and further alleges as follows.

41. The Tennessee Consumer Protection Act ("TCPA") prohibits "unfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104.

42. By representing to Ms. Massengill that the nursing program was accredited when it was not, Concorde willfully or knowingly violated the TCPA in the following ways:

    a. By causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services when Concorde misled Plaintiff into believing that the nursing program was accredited, in violation of Tenn. Code Ann. § 47-18-104(b)(2).

    b. Causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another when Concorde

7

misled Plaintiff into believing that the nursing program was accredited, in violation of Tenn. Code Ann. § 47-18-104(b)(3).

c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have when Concorde misled Plaintiff into believing that the nursing program was accredited, in violation of Tenn. Code Ann. § 47-18-104(b)(5).

43. Plaintiff suffered ascertainable losses as a result of Defendant's unfair and deceptive acts.

44. Pursuant to Tenn. Code Ann. § 47-18-109, Defendant is liable for attorneys' fees, costs, and treble damages for the foregoing willful or knowing violations of the TCPA.

## Count 3: Negligent Misrepresentation

45. Plaintiff re-alleges and incorporates herein as if set forth in full, the allegations contained in the paragraphs above as if copied herein verbatim and further alleges as follows.

46. Concorde, individually and by and through its agents and employees, and acting in the course of its business with an intent to guide Plaintiff to enter into a transaction, specifically enrollment in the nursing program, failed to exercise reasonable care and provided false information to Plaintiff concerning the nature of the nursing program.

47. Concorde provided false information to Plaintiff regarding the accreditation status of it nursing program as it existed at the time.

48. Concorde, individually and by and through its employees, failed to exercise reasonable care or competence in obtaining the accreditation status of its nursing program and in communicating to Plaintiff the accreditation status of its nursing program.

49. Concorde also failed to exercise reasonable care or competence in the training and supervision of its employees in obtaining the accreditation status of its nursing program and in communicating to Plaintiff the accreditation status of its nursing program.

50. Plaintiff justifiably and reasonably relied on this negligently supplied information to her detriment.

51. Plaintiff suffered damages as a result of Defendant's breach of its duty of care.

### Count 4: Promissory Estoppel

52. Plaintiff re-alleges and incorporates herein as if set forth in full, the allegations contained in the paragraphs above as if copied herein verbatim and further alleges as follows.

53. At all times relevant to this Complaint, Concorde made the unambiguous promise that its nursing program was accredited.

54. Plaintiff reasonably relied on that promise to her detriment in the following ways:

   a. Plaintiff enrolled in the program;

   b. Plaintiff paid for the program;

   c. Plaintiff obtained loans, Federal Direct Loans, and Pell grants to pay for the program;

   d. Plaintiff gave up the opportunity for other employment or educational opportunities to attend the program; and

   e. Plaintiff deferred seeking alternative educational opportunities.

55. Plaintiff suffered damages as a result of her reliance.

### Count 5: Breach of Contract

56. Plaintiff re-alleges and incorporates herein as if set forth in full, the allegations contained in the paragraphs above as if copied herein verbatim and further alleges as follows.

9

57. By and through the above actions, Concorde contractually agreed, among other things, to provide Plaintiff enrollment in a programmatically accredited program in consideration for Plaintiff's tuition money.

58. Concorde materially breached that contract by failing to provide Plaintiff enrollment in a programmatically accredited program.

59. As a result of Concorde's breach, Plaintiff suffered damages, both actual and consequential, for which Concorde should be liable.

### Count 6: General Negligence

60. Plaintiff re-alleges and incorporates herein as if set forth in full, the allegations contained in the paragraphs above as if copied herein verbatim and further alleges as follows.

61. Defendant owed Plaintiff a duty of care to provide enrollment in an accredited program, to provide Plaintiff accurate information about the accreditation status of its nursing program, and to properly train and supervise Defendant's employees so that those employees properly understood the accreditation status of its nursing program and so that those employees were able to able to properly advise prospective students about the accreditation status of its nursing program.

62. Defendant, individually and by and through its employees, breached this duty of care when it failed to competently obtain program accreditation and provide enrollment in an accredited program, failed to provide Plaintiff accurate information about the accreditation status of its nursing program, and failed to competently train and supervise its employees so that those employees properly understood the accreditation status of its nursing program and so that those employees were able to able to properly advise prospective students about the accreditation status of its nursing program.

63. Defendant's breach of this duty of care was the direct and proximate cause of damages to Plaintiff.

64. Defendant's failure to provide enrollment in an accredited program, failure to provide Plaintiff accurate information about the accreditation status of its nursing program, and failure to competently train and supervise its employees so that those employees properly understood the accreditation status of its nursing program and so that those employees were able to able to properly advise prospective students about the accreditation status of its nursing program were the direct and proximate cause of damages to Plaintiff.

### Count 7: Quasi-Contract Claims – Breach of Contract Implied in Law & Unjust Enrichment

65. Plaintiff re-alleges and incorporates herein as if set forth in full, the allegations contained in the paragraphs above as if copied herein verbatim and further alleges as follows.

66. If the Court determines that there is no existing enforceable contract, then, in the alternative, Plaintiff provided a benefit to Concorde in the form of both money and compliance with the academic requirements of Concorde.

67. Defendant received and appreciated said benefit.

68. Both parties reasonably understood that Plaintiff would pay Defendant and comply with academic requirements and that Defendant would confer upon Plaintiff enrollment in a programmatically accredited program.

69. It would be unjust for Concorde to retain the funds paid for the program under the circumstances, having provided Plaintiff unaccredited courses.

### DAMAGES

70. Plaintiff re-alleges and incorporates herein as if set forth in full, all the foregoing allegations as if copied herein verbatim and further alleges as follows.

71. Plaintiff has suffered damages both actual and consequential as a direct and proximate result of Defendant's conduct. These damages include, but are not limited to:

    a. The full cost of tuition fees, expenses, and the costs of purchased materials paid to Defendant for the program;

    b. Any and all fees and interest incurred as a result of student loans that Plaintiff was induced to take in order to participate in the program;

    c. The value of all time expended in participation in the program during which Plaintiff could have been otherwise gainfully employed or pursuing alternative educational opportunities;

    d. Treble damages for violations of the TCPA;

    e. Punitive damages; and

    f. Attorneys' fees and suit expenses.

**WHEREFORE PREMISES CONSIDERED, Plaintiff prays that:**

1. This Court award Plaintiff damages and attorney fees in an amount to be determined but not less than $75,000;

2. This Court award Plaintiff compensatory damages;

3. This Court award Plaintiff treble damages;

4. This Court award Plaintiff punitive damages;

5. The Court award pre-judgment interest;

6. This Court award Plaintiff her reasonable attorneys' fees and suit expenses; and

7. This Court order any further relief to which Plaintiff may prove entitled.

Respectfully submitted,

BLACK MCLAREN JONES RYLAND & GRIFFEE
A Professional Corporation

By: */s/William E. Cochran, Jr.*
William E. Cochran, Jr. (#21428)
Amy Worrell Sterling (#25773)
530 Oak Court Drive, Suite 360
Memphis, Tennessee 38117
(901) 762-0535 – telephone
(901) 762-0539 – facsimile
wcochran@blackmclaw.com
asterling@blackmclaw.com
*Attorneys for Plaintiff*